## FREEBORN COUNTY WELFARE BOARD v. FLORENCE HERNANDEZ AND ANOTHER.

217 N. W. 2d 210.

April 19, 1974—No. 44193.

*Robert C. Tuveson,* County Attorney, and *Bob A. Goldman,* Assistant County Attorney for appellant.

*Warren Spannaus,* Attorney General, *Thomas L. Fabel,* Deputy Attorney General, and *Tibor M. Gallo,* Special Assistant Attorney General, for respondent commissioner.

PER CURIAM.

The commissioner of public welfare, after an administrative hearing, determined that the Freeborn County Welfare Department improperly canceled the petitioner's Aid to Families of Dependent Children (AFDC) grant. The commissioner found the petitioner eligible for AFDC. Freeborn County appealed the commissioner's determination to the district court. On review, the district court, pursuant to Minn. St. 256.77, found that the commissioner's determination was not arbitrary, unreasonable, or fraudulent. The appeal was dismissed and the matter remanded with orders that the Freeborn County Welfare Department follow the commissioner's decision. Freeborn County appealed from the order of the district court. We affirm.

The only issue before us is whether the district court properly found that the commissioner's determination was not fraudulent, arbitrary, or unreasonable.

It is not necessary to recite all the facts. The pertinent facts are those which relate to the petitioner's eligibility for AFDC. If the petitioner is eligible for AFDC, the commissioner's and the district court's orders are proper.

Mrs. Florence Hernandez, the petitioner, is the mother of Patrick Hernandez, the father of the children on whose behalf AFDC was granted. Pursuant to a 1967 Texas divorce decree, she was given custody of her son's seven children. The decree set the father's legal obligation for support at $35 per week.

The Freeborn County Welfare Department found the petitioner ineligible for AFDC because of the father's income and the fact that the father lived in petitioner's home. The record shows that Patrick Hernandez lived with his children in petitioner's home and reportedly earned $6,570 in the year prior to this action.

Minn. St. 256.12, subd. 14, requires that a child, to be found dependent and eligible for AFDC, must be a child—

"* * * deprived of parental support or care by reason of the death, continued absence from the home, physical or mental in-

capacity of a parent, or who is a child of an unemployed father as that term is defined by the commissioner of public welfare, * * * and whose relatives, liable under the law for his support are not able to provide adequate care and support of such child, and who is living with his father, mother, grandfather, grandmother, * * * in a place of residence maintained by one or more of such relatives as his or their home."

There is substantial evidence to support the district court's finding that the seven Hernandez children were deprived of parental support and care in spite of the father's presence in the home. The judge in his memorandum supported this determination in finding—

"* * * that custody and control of the children were lodged in the grandmother rather than in *either* of the parents; that the children were permanent members of their grandmother's household; that their father although living in the same household could be turned out at a moment's notice; * * * that there was no evidence introduced to the effect that he in any way other than through support payments gave any care or support or controlled the activities of his children; that his court ordered support payments were insufficient to meet the necessary needs of his children; and that the children's natural mother did not reside in this household."

The Freeborn County Welfare Department determined that $251 per month is necessary to maintain a family of seven. Since the father's legal obligation falls short of the necessary support, the petitioner is eligible for AFDC. The county is not precluded by this opinion from proceeding against the father of the children for increased support payments in a separate action under the appropriate statutes.

Affirmed.